### No. 386
### GEORGE v. JOHNSON CANDY CO.

Ohio Appeals, 9th Dist., Wayne County
No. 771. Decided April 14, 1924

1225. VERDICT—Where both parties make motion for directed verdict, this does take case from jury if party to whom ruling is adverse, previously requests to go to jury—No presumption of waiver of jury held to exist in this case.

1063. SALES—Where goods are sold for unlawful purpose seller cannot recover price—Where seller assists buyer in unlawful purpose, the former has no recourse—Seller does not have to participate in unlawful purpose to bar recovery.

WASHBURN, J.

#### Epitomized Opinion
Published Only in Ohio Law Abstract

This was an action to recover purchase price of certain merchandise sold by the Johnson

Candy Co. to one George. The Johnson Company sold to George certain "punch board assortments" and punch boards to be used for gambling purposes. The undisputed evidence showed that the company knew the purposes to which these punch boards and candy assortments were to be put, and that it assisted in arranging these assortments in order that the chances on the boards be more salable. George maintained that as the goods were sold for gambling purposes no recovery could be had. The candy company claimed that the candy could be sold in another manner than by means of the punch board, and therefore it should recover for the value of the candy. At the close of the evidence the defendant moved for a directed verdict, whereupon the plaintiff also moved for a directed verdict.

When the court was about to pass upon the motion, counsel for George stated to the court that he desired to make a further request. The court, however, interrupted him stating that he might have any exception which he desired, then proceeded to overrule the motion of defendant and grant the motion of the Candy Company. Counsel for George then requested the court to charge the jury twelve written requests, which the court refused. The court thereupon directed the jury to sign a verdict in favor of plaintiff. George prosecuted error. In reversing the judgment of the lower court, and rendering final judgment for defendant, the Court of Appeals held:

1. Where each party asks for a directed verdict in his favor, and nothing further is said or done by them, a presumption arises that they intend to waive the right to a submission to a jury and consent that the court shall decide the question of law and fact involved, but that such a presumption does not arise where the party whose request is denied thereupon asks to go to the jury upon the question of fact.

2. As it was apparent in the instant case that counsel for George desired to make a request to go to the jury, and would have done so if the court had permitted him, no presumption that counsel intended to waive his right to a submission to the jury existed, and therefore the court committed error in directing a verdict for the plaintiff on the theory that George had waived a jury trial.

3. Where goods have been sold for the express purpose of enabling the buyer to violate the law, such as goods to be used in gambling device, the sale is unenforcible.

4. As the undisputed evidence showed that the seller not only knew the purpose for which

these candy assortments were to be used, but that the seller actually participated in and assisted the buyer in his unlawful purpose, no recovery can be had for the value of these goods.

5. It is not necessary for the seller of goods to actually participate in the actual use of an unlawful device in order to preclude a recovery for the purchase price, as the selling with full knowledge of the buyer's illegal purpose, accompanied by the assistance, aid and encouragement of the seller in this purpose is sufficient.

Attorneys—Weygandt & Ross and Willis Horn, for George; Critchfield & Etling, for Wm. C. Johnson Candy Co.; all of Wooster.